**Russell SIMMONS, Plaintiff–Appellant,**

**v.**

**SOUTH CENTRAL SKYWORKER'S, INC., Skyworker's Sales and Service, Correct Manufacturing Company, and Unknown Defendants, Defendants,**

**Rich's Precision Foundry, Defendant–Appellee.**

**No. 90–6378.**

United States Court of Appeals, Sixth Circuit.

Argued May 13, 1991.

Decided June 20, 1991.

Frank H. Moore, Jr. (argued), Pamela C. Bratcher, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, Ky., for plaintiff-appellant.

Larry F. Hinton, Reynolds, Catron, Johnston & Hinton, Bowling Green, Ky., for defendants.

Murry A. Raines (argued), English, Lucas, Priest & Owsley, Robert A. Young, English, Lucas, Priest & Owsley, Bowling Green, Ky., for Rich's Precision Foundry.

Before GUY and NELSON, Circuit Judges, and HIGGINS, District Judge [*].

PER CURIAM.

In this diversity action, plaintiff, Russell Simmons, appeals from the dismissal of his products liability action on statute of limitations grounds. Upon a review of the proceedings in the district court, we conclude that the action was properly dismissed. Accordingly, we affirm essentially for the reasons set forth in the trial court's written opinion.

### I.

On May 21, 1987, Simmons, an employee of Morehead Tree Surgery, Inc., was in-

[*] The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation.

jured when a lift bucket (cherry picker) in which he was working collapsed. With the help of an expert that he retained, Simmons determined that the cause of the collapse was the failure of an aluminum casting that served as a hinge or elbow for the cherry picker.

The State of Kentucky, where this accident occurred, has a one-year statute of limitations for personal injury actions. Ky. Rev.Stat. § 413.140. Four days before the statute was to expire, this suit was commenced, naming as defendants South Central Skyworker's, Inc.; Skyworker's Sales and Service; Correct Manufacturing Company; and unknown individuals. Plaintiff's discovery revealed that none of the named defendants had manufactured the casting. In early April 1989, a search of the records of defendant Correct Manufacturing revealed that the materials from which the failed part had been fabricated were supplied by defendant Rich's Precision Foundry. Simmons moved to file an amended complaint on May 17, 1989, which motion was granted on June 21, 1989. Rich's was not served with a summons and a copy of the amended complaint until September 25, 1989.

Rich's moved for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon the complaint against it being filed beyond the one-year limitations period. On September 21, 1990, the motion was granted, and this timely appeal followed.[1]

## II.

Plaintiff concedes, as he must, that this action against Rich's was not brought within one year of the date his injury occurred. Simmons would avoid the one-year statute, however, by arguing that he did not discover the *identity* of Rich's until almost two years after the injury occurred. Plaintiff also argues that pursuant to Federal Rule of Civil Procedure 15(c) the filing of the complaint against Rich's "relates back" to the original filing date of his initial complaint. As did the district judge, we reject both of these contentions.

■ Plaintiff seeks to take advantage of the Kentucky "discovery rule" as it relates to personal injury actions. Under the Kentucky rule, the statute of limitations "begins to run from the date that plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir.1986) (citing *Louisville Trust Co. v. Johns–Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979)). The rationale of the Kentucky Supreme Court in the *Louisville Trust* division was followed in the district court. Relative to this rule, the district judge stated:

> [I]t is designed to assist those victims who cannot readily ascertain the causal relationship between their injury and the conduct of another. It is not designed to assist those victims, such as the Plaintiff, who can readily ascertain the causal relationship, but cannot readily ascertain the identity of the alleged tort-feasor....

Although plaintiff cites to a number of Kentucky cases that discuss or apply the Kentucky rule, none of them support his argument that the statute is tolled indefinitely while a plaintiff seeks the identity of the person causing his injury.[2] Indeed, logic dictates that such an exception is capable of swallowing the rule.

The only case from the federal courts within this circuit that directly addresses this issue is *Haynes v. Locks*, 711 F.Supp.

---

**1.** With the exception of Correct Manufacturing, the other defendants either were dismissed out of the case or were dropped. Plaintiff has an action pending against Correct Manufacturing in the Bankruptcy Court for the Southern District of Ohio, Eastern Division.

**2.** In addition, the Kentucky courts only have applied the discovery rule in the context of

malpractice and latent disease cases where the plaintiff has not even known of his injury until after the statute had run. Plaintiff cites to no cases in which the discovery rule was applied where the injury and its cause were apparent to the plaintiff within the one-year statutory period.

901 (E.D.Tenn.1989). The plaintiff in *Haynes* contended that the discovery rule should also apply to determining "the identity of the manufacturer of a product[;] therefore, due diligence in determining the identity of the defendants will toll the statute of limitations." *Id.* at 903. The district court rejected this argument, citing with approval *Gibson v. Lockwood Products,* 724 S.W.2d 756, 758 (Tenn.App.1986):

> There is nothing in *Gilbert* [*v. Jones,* 523 S.W.2d 211 (Tenn.App.1974) ] to suggest, however, that the statute should have been tolled until the plaintiff could identify as defendants the manufacturers of specific ingredients or substances contained in the contraceptives. Once the contraceptives were recognized as the cause of the illness, the cause of action accrued.

*Haynes,* 711 F.Supp. at 903. Although *Haynes* is a Tennessee case, we believe its reasoning is sound and applicable here.

### III.

■ In arguing the applicability of Federal Rule of Civil Procedure 15(c), plaintiff relies on Kentucky cases interpreting that state's comparable procedural rule. We first note that the question of whether an amendment relates back to the date of the original complaint is a question of federal procedure not controlled by state law even in a diversity case. *American Bankers Ins. Co. of Florida v. Colorado Flying Academy, Inc.,* 93 F.R.D. 135 (D.C.Colo. 1982).

■ Federal Rule of Civil Procedure 15(c) reads in pertinent part:

> **(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against

the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In interpreting this rule within the context of an amendment adding a new party, the Supreme Court has set forth four requirements that must be met:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period....

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

It is clear from the facts here that the plaintiff cannot meet the third and fourth requirements of the Supreme Court test. The Court went on to emphasize that "[t]he linchpin is notice, and *notice within the limitations period.*" *Id.* at 31, 106 S.Ct. at 2385 (emphasis added). To the degree that plaintiff argues that this interpretation results in the loss of a possibly meritorious claim, we can only respond as did the Supreme Court: "Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process." *Id.* (citation omitted).[3]

AFFIRMED.

---

3. We do not address plaintiff's argument relat-

ing to fraudulent concealment because we find

it meritless. Also, at oral argument plaintiff, in effect, abandoned this argument.