**Walter BISHOP, et al.**

v.

**ATMOS ENERGY CORP. d/b/a Western Kentucky Gas, et al.**

v.

**STANLEY JONES CORPORATION.**

No. C–93–0189–BG(H).

United States District Court,
W.D. Kentucky,
Bowling Green Division.

May 4, 1995.

**340**

Clarence Terrell Miller, Cole, Moore & McCracken, Bowling Green, KY, Mark W. Henderson, Bishop & Leonard, Hendersonville, TN, for plaintiffs.

Ronald Stone, Nashville, TN, Co-counsel, for Vanderfords.

Mark K. Gray, O'Koon, Menefee & Gray, Louisville, KY, Co-counsel, for Leonards.

Charles E. English, Jr., English, Lucas, Priest & Owsley, Bowling Green, KY, for Atmos Energy Corp.

Gregory Y. Dunn, Hensley, Dunn & Ross, Horse Cave, KY, for Liberty Mut. Ins. Co., intervenor plaintiff, and Stanley Jones Corp.

Sean Ragland, Boehl, Stopher & Graves, Louisville, KY, for Stanley Jones Corp.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This matter is before the Court on the motion of the Third–Party Defendant, Stanley Jones Corporation, for dismissal of the claim that has been asserted against it by two of the Plaintiffs, Rodney and Jeane Leonard. Stanley Jones argues that Plaintiffs' claim is barred by K.R.S. 413.140, the one-year statute of limitations applicable to personal injury claims. The Court agrees and will grant the Motion to Dismiss the Leonards' claim against Stanley Jones.

This personal injury action arose from an industrial accident that occurred on December 8, 1992. In October of 1993, Plaintiffs filed a complaint against Atmos Energy Corporation under this Court's diversity jurisdiction. Three months later, in January of 1994, Atmos filed a third party complaint against Stanley Jones. Two of the original Plaintiffs, Rodney and Jeane Leonard, waited until November 23, 1994, to file their own claim directly against Stanley Jones. By doing so, they ran afoul of Kentucky's statute of limitations for personal injury claims.

To answer the question of whether Plaintiffs may pursue their claim against the third-party defendant, Stanley Jones, the Court must consider two issues: (1) whether Fed.R.Civ.P. 14(a) allows a third-party defendant to assert a statute of limitations defense; and, if so, (2) whether Plaintiffs may circumvent this defense by seeking leave to amend their complaint pursuant to Fed. R.Civ.P. 15(c)(2).[1] The answers to the questions are "yes" and "no" respectively.

### A.

■ Federal Rule of Civil Procedure 14(a), which permits a defendant to file a third-party complaint against a party not originally named in the litigation, states that "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a) clearly states that, if an original plaintiff asserts a claim against a third-party defendant, the third-party defendant "shall assert any defenses as provided in Rule 12[,]" however. Short of an affirmative statement that such claims are subject to a statute of limitations defense, this is the clearest possible language endorsing the availability of the defense.

Although the Sixth Circuit has not addressed the issue of whether a statute of limitation is an appropriate defense to a plaintiff's newly-asserted claim against a third-party defendant, several commentators and other courts agree that it is. *See, e.g.,* Wright & Miller, *Federal Practice and Procedure,* § 1459, p. 450; 3 *Moore's Federal Practice* § 14.09; and *Frankel v. Back,* 37 F.R.D. 545, 547–48 (E.D.Pa.1965) (holding that a statute of limitation will bar untimely

---

1. Plaintiffs have not filed a motion for leave to amend their complaint. In the interests of judicial economy, the Court will address this issue, *sua sponte,* since the Federal Rules of Civil Procedure mandate that leave to amend should be freely granted when justice so requires.

claims asserted by plaintiffs against third-party defendants).

### B.

The question of whether an amendment to a complaint relates back to the date of the original complaint is a question of federal procedure not controlled by state law even in a diversity case. *Simmons v. South Central Skyworker's Inc.*, 936 F.2d 268, 270 (6th Cir.1991). The precedent of this Circuit clearly holds that "an amendment which adds a new party creates a new cause of action and there is no relation back for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir.1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973) and citing *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir.1978)). Given the law of the circuit, Plaintiffs' Amended Complaint would assert an entirely new cause of action against the Third–Party Defendant, one which places it in real jeopardy for the first time in this case.[2]

Consequently, for all the reasons stated, Stanley Jones Corporation is entitled to assert its statute of limitations defense, which results in the dismissal of the Leonards' clams against it.

---

**2.** Under Kentucky's rules of comparative negligence, the Defendant's third-party action merely allows for an apportionment verdict as to the fault of Stanley Jones Corporation.