**Vellen COLBERT, et al.**

v.

**CITY OF PHILADELPHIA, et al.**

**Civil A. No. 96–3488.**

United States District Court,
E.D. Pennsylvania.

June 27, 1996.

Jacquelyn Frazier–Lyde, Jacquelyn Frazier–Lyde, P.C., Philadelphia, PA, for plaintiff Vellen Colbert and Wife Elaine Wallace Colbert.

Shelley R. Smith, Asst. City Solicitor, City of Phila Law Dept., Philadelphia, PA, for defendants City of Philadelphia, Richard Neal, Police Commissioner, Marvin King, Police Officer, Badge #4513, Janice Little, Police Officer, Badge #9812 and Karen Lee, Police Officer, Badge #5462.

*MEMORANDUM*

BARTLE, District Judge.

This is an action alleging civil rights violations under 42 U.S.C. § 1983 as well as various state law torts. Before the court is the motion of the defendants, the City of Philadelphia, the Philadelphia police commissioner, and three police officers, to dismiss plaintiffs' amended complaint.

This case has a prolonged procedural history. In May, 1995, plaintiffs Vellen Colbert and Elaine Wallace Colbert instituted this action in the Court of Common Pleas of Philadelphia County. The complaint initially named as defendants only the Philadelphia police commissioner and three unnamed police officers denominated as John Doe Police Officer, Jane Doe Police Officer # 1, and Jane Doe Police Officer # 2. According to the complaint, the police illegally arrested plaintiff Vellen Colbert on June 3, 1993, after allegedly beating him.

The defendant police commissioner, mistakenly believing that plaintiffs' had stated a federal civil rights claim, removed the case to this court. Upon review of the complaint, the court found that no federal claim was pleaded and by Order dated August 10, 1995 remanded the action to the Court of Common Pleas.

On April 3, 1996, some ten months after the action had been instituted, the plaintiffs filed an amended complaint in the Court of Common Pleas. This pleading not only contained state law claims but also claims under the federal constitution. In addition to the police commissioner, the amended complaint for the first time named the City of Philadelphia as a defendant, and substituted as defendants police officers Marvin King, Janice Little, and Karen Lee for the unidentified John and Jane Does. The amended complaint was served on April 4, 1996. After the defendants removed the action to this court,[1] they filed the pending motion to dismiss.

■ A complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). All well pleaded factual allegations in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

■ We first address the motion of the three police officers to dismiss as time barred the federal civil rights claims against them. It is well settled that § 1983 claims filed in the federal courts sitting in Pennsylvania are subject to a two year statute of limitations. *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 78 (3d Cir.1989); 42 Pa.Cons. Stat.Ann. § 5524(7).

■ The incident giving rise to this lawsuit allegedly occurred on June 3, 1993. The three police officers were not joined by name until April 3, 1996, well beyond the two year statute of limitations period. As defendants recognize, however, the analysis does not end here. We must determine whether the federal claims relate back to the original complaint in accordance with the provisions of Rule 15(c) of the Federal Rules of Civil Procedure. That rule states in relevant part:

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . .

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on

---

1. When the case was removed the first time, it was designated as Civil Action # 95–4459. On the second removal, it was designated as Civil Action # 96–3488.

the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c) is intended to ameliorate the harsh result of strict application of the statute of limitations by "prevent[ing] parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed.R.Civ.P. 15, Advisory Committee Note to 1991 Amendment. The theory behind Rule 15(c) is that once litigation involving particular conduct has been instituted, the statute of limitations should not preclude amended claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading. 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1496 (1990).

■ Where, as here, the amendment to the complaint changes the name of the party, both Rule 15(c)(2) and (c)(3) must be satisfied. Plaintiffs' complaint was amended in two ways as to the individual defendants. First, identified police officers replaced the anonymous John Doe and Jane Doe defendants. Second, the amended complaint added allegations that these defendants violated the plaintiffs' federal constitutional rights. The amended complaint clearly meets the requirement of Rule 15(c)(2). The new federal claims against the individual officers alleging excessive force "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading," namely, the incident in which Mr. Colbert was arrested.

However, plaintiffs must also satisfy Rule 15(c)(3). In this regard they fail. Under Rule 15(c)(3), the party to be brought in by amendment must have received notice of the institution of the action within the period given for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. A party has four months under Rule 4(m) in which to serve a complaint after it is filed. Since the events giving rise to this lawsuit occurred on June 3, 1993, the statute of limitations expired on June 3, 1995. Under Rule 15(c), plaintiffs had four additional months in which to satisfy the requirement of notice. Plaintiffs therefore had until October 3, 1995 in which to notify the officers of the lawsuit pending against them.

■ Notice is the "linchpin" of Rule 15(c). *Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986). It may be formal or informal. *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1456 (E.D.Pa.1992). Plaintiffs have presented no evidence that these individual defendants had any notice of the institution of suit prior to April 4, 1996 when the amended complaint was served. Plaintiffs have the burden of proof on this issue. They apparently took no discovery to determine whether, prior to October 3, 1995, the defendant police officers became aware of this action from any source, including the City Solicitor's officer which is representing them here along with the other defendants. This case is clearly distinguishable from *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3d Cir.1977), in which the plaintiff had sued a restaurant and an unnamed "John Doe" employee. There, it was established that within the time limits set by Rule 15(c) the unnamed defendant employee had actual knowledge of the pendency of a lawsuit against the employer and himself. He had seen a copy of the complaint in his employer's office.

There is some authority to support the view that notice of a lawsuit to counsel for an originally named party constitutes notice to the party brought in by amendment if the latter is represented by the same counsel and if "counsel knew or should have known within the relevant time period that joinder of the additional official was a distinct possibility." *See Heinly v. Queen,* 146 F.R.D. 102, 106 (E.D.Pa.1993); *see also Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir.1989); *Felix v. New York City Police Dept.,* 811 F.Supp. 124, 128 (S.D.N.Y.1992). This concept of constructive notice is apparently based on the theory that if counsel is on notice to prepare a defense for additional defendants, then such defendants are not prejudiced by being named at a later date. *Felix,* 811 F.Supp. at 128.

Whatever its validity in other situations, we are not persuaded of its applicability with respect to the individual police officers in the

case at bar. Plaintiffs have sued these officers not only in their official capacities but also in their individual capacities for money damages. We find no compelling reason why we should employ here the fiction that the knowledge of counsel for the City of Philadelphia or the police commissioner constitutes knowledge on the part of the officers.

■ This case arises out of an arrest— often a commonplace event in the life of police officers in a large city. Like anyone else, the memory of police officers about a specific incident usually begins to fade with time, especially if it is not of special significance to them and detailed documentation is not available to refresh their recollections. In our focus on Rule 15(c), we must not forget that the statute of limitations serves the salutary purpose of preventing stale claims and requiring timely notice to defendants before distance from the event eviscerates accurate recall. The need for the protection of a statute of limitations is particularly compelling since the defendant officers are threatened with money judgments against them in their individual capacities.

■ In sum, the amendment as to defendants Marvin King, Janice Little, and Karen Lee does not relate back to the original complaint. There is no evidence they had formal or even informal notice of the suit as required by Rule 15(c)(3)(A), that is, within two years and four months of the June 3, 1993 incident. As far as we know, they first learned of it on April 4, 1996, two years and ten months after the event in question. Moreover, since the defendants did not have timely notice of the suit, they could not have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." *See* Rule 15(c)(3)(B). The § 1983 claims against defendants King, Little, and Lee are therefore barred by the two year statute of limitations.[2]

■ We next address whether plaintiffs have stated any federal claim against the City of Philadelphia and Police Commissioner Neal in the amended complaint served on April 4, 1996. As to them, both the original complaint and the amended complaint state only a claim for "negligent use of force." Negligence is not a basis for a claim under 42 U.S.C. § 1983. *See Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Thus, plaintiffs have not alleged a federal claim against these two defendants.

■ We note that on June 7, 1996, after defendants filed their motion to dismiss the amended complaint and over three years after the arrest in issue, plaintiffs filed a second amended complaint. It alleges a federal claim against the City based on *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). According to this document, the City and Commissioner Neal had a policy or practice of deliberate indifference to abuses of police power. Plaintiffs, however, have not requested leave of court to file this second amended complaint as required by Rule 15(a) of the Federal Rules of Civil Procedure. It is a nullity, and the court will not consider it.

Since no federal claims remain, the court will exercise its discretion to remand this action to the Court of Common Pleas of Philadelphia County for disposition of the remaining pendent state law claims. *See* 28 U.S.C. § 1367.

---

**2.** It is unclear from the motion and briefs whether the three police officers are seeking to dismiss the state law claims as time barred. Since we are remanding this action to the Court of Common Pleas in any event, in the interest of comity, we will leave that issue for the state court to decide under Pennsylvania law.