**Andres YANEZ and Rita Yanez, Plaintiffs,**

v.

**COLUMBIA COASTAL TRANSPORT, INC., Portwide Cargo Securing Co., and A.G. Ship Maintenance, Defendants.**

No. 98–2158 (DRD).

United States District Court, D. New Jersey.

Sept. 29, 1999.

---

Sergio R. Pastor, Baker, Garber, Duffy & Pedersen, P.C., Hoboken, NJ, for plaintiffs.

Edward P. Flood, Lyons, Skoufalos, Proios & Flood, Englewood, New Jersey, for defendant Columbia Coastal Transport, Inc.

Gerald J. Ferguson, Thacher, Proffitt & Wood, Jersey City, NJ, for defendants Portwide Securing Co. and A.G. Ship Maintenance Co.

## OPINION

DEBEVOISE, Senior District Judge.

Defendants Portwide Cargo Securing Co. ("Portwide") and A.G. Ship Maintenance Co. ("A.G."), hereinafter referred to collectively as "defendants", bring this motion for summary judgment pursuant to Fed.R.Civ.P. 56, seeking dismissal of plaintiffs' amended complaint on the grounds that plaintiffs' action is barred by the three-year statute of limitations applied to federal maritime tort claims. *See* 46 U.S.C. § 763a. At issue is whether plaintiffs' claims as against these defendants relate back to the date of plaintiffs' original complaint, filed in a New Jersey state court. *See* Fed.R.Civ.P. 15(c). For the reasons set forth below, defendants' motion for summary judgment is granted.

### STATEMENT OF FACTS

Pursuant to Local Rule 56.1, the parties have each submitted a statement of uncontested facts. Plaintiffs "do not contest defendants' statement of facts," *see* Plaintiffs' Local Rule 56.1 statement at ¶ 1, and in fact concede "[t]hat there is no genuine issue of material fact in this case." Plaintiffs' Brief at 2.

This is a maritime suit for personal injuries, and the parties have agreed that the suit is subject to the three-year statute of limitations provided in 46 U.S.C.App. § 763a. *See* Defendants' 56.1 Statement at ¶ 2. Plaintiff Andres Yanez worked as a longshoreman for Sea–Land Services, Inc.

in Port Elizabeth, New Jersey. Mr. Yanez alleges that he was injured on February 17, 1996 while performing cargo operations aboard the barge *Columbia Miami*. First Amended Complaint at ¶¶ 3, 4.

On April 16, 1998, plaintiffs brought suit in the Superior Court of New Jersey, Middlesex County, against defendant Columbia Coastal Transport, Inc. ("CCT"), and against defendants "John Doe A–Z" as permitted by N.J.Civ.R. 4:26–4.[1] *See* Defendants' 56.1 Statement at ¶ 3. The action was later removed to this Court on the basis of maritime jurisdiction. *See id.* at ¶ 4.

On or about November 23, 1998, plaintiffs served defendant CCT with interrogatories requesting, inter alia, the name and address of any other person whose negligence caused or contributed to plaintiffs' damages. *See* plaintiffs' brief at Exhibit B, ¶ 7. CCT responded that such identities were unknown at that time and that its answer would be supplemented at a later date. *See id.*

Plaintiffs assert that they first became aware of other potential defendants after the statute of limitations had already run by way of a contract for snow and ice removal services aboard the *Columbia Miami*, received as part of a response to a notice to produce served on CCT on or about November 12, 1998. CCT served the requested documents upon plaintiffs' counsel on February 11, 1999, but plaintiffs' counsel asserts that it was not until February 17, 1999 that they became aware of Portwide and A.G.

On or about May 21, 1999, this Court granted plaintiffs' motion to amend their complaint. On or about June 15, 1999, plaintiffs filed their First Amended Complaint, naming Portwide and A.G. as defendants in place of the "John Doe" defendants. *See id.* Defendants first received notice of the lawsuit on June 22, 1999; they filed and served their answer to plaintiffs' complaint on or about July 15, 1999. *Id.* at ¶¶ 5, 6. Plaintiffs concede that defendants did not receive notice of the lawsuit within 120 days of the date of filing of plaintiffs' original complaint on April 16, 1998. *See id.* at ¶ 7, Plaintiffs' 56.1 Statement at ¶ 1.

### STANDARD OF REVIEW

Summary judgment will be granted where it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FedR.Civ.P. 56(c).

### DISCUSSION

■ The parties agree that this suit is subject to maritime jurisdiction and is governed by the three-year statute of limitations provided by 46 U.S.C.App. § 763a. Plaintiffs concede that defendants were not served with process until June 22, 1999, more than four months after the statute of limitations on plaintiffs' claims had run. The only disputed issue is whether plaintiffs' amended complaint as against defendants can be saved by the "relation back" provisions of Fed.R.Civ.P. 15(c).[2]

---

1. N.J.Civ.R. 4:26–4 states, in pertinent part: "[i]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification ..."

2. While Rule 15(c)(1) allows state relation back law to govern state claims in federal court if state law "affords a more forgiving principle of relation back," *see Bryan v. Associated Container Transp.*, 837 F.Supp. 633, 643 (D.N.J.1993) (quoting Advisory Committee note to Fed.R.Civ.P. 15(c)(1)), plaintiffs

have chosen to rely upon federal maritime law, rather than a state law tort claim. *See* First Amended Complaint at ¶ 1. Accordingly, federal law governs whether an amendment will relate back to the date of the original complaint. *See Trautman v. Lagalski*, 28 F.Supp.2d 327, 329 (W.D.Pa.1998) (citing *Simmons v. South Cent. Skyworker's, Inc.*, 936 F.2d 268, 270 (6th Cir.1991)); *c.f. Bryan*, 837 F.Supp. at 643 (applying relation back rule provided by N.J.Civ.R. 4:26–4 where plaintiff chose not to invoke maritime jurisdiction).

■ Rule 15(c) is intended to ameliorate the harsh result of strict application of statutes of limitations by "prevent[ing] parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Colbert v. City of Philadelphia*, 931 F.Supp. 389 (E.D.Pa. 1996) (quoting Fed.R.Civ.P. 15, Advisory Committee note to 1991 Amendment). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has received all the notice that statutes of limitations were intended to provide." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Rule 15(c) states, in relevant part:

An amendment of pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (A) has received such notice of the adjudication of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

■ The Third Circuit has held that an amended complaint replacing a "John Doe" caption with the newly named defendants' correct names amounts to changing a party within the meaning of Rule 15(c)(3). *See Cruz v. City of Camden*, 898 F.Supp. 1100, 1106 (D.N.J.1995) (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3d Cir.1977)). Thus, in order for plaintiffs' amended complaint to relate back to the date of their original complaint, the requirements of Rule 15(c)(2) and (3) must be satisfied. *See Colbert*, 931 F.Supp. at 392.

As to the first requirement, *see* Fed. R.Civ.P. 15(c)(2), there is no dispute that plaintiffs' claims arise out of the same occurrence described in their original complaint, namely the injuries allegedly sustained by plaintiff aboard the *Columbia Miami* on February 17, 1996.

As to the second requirement, plaintiffs must show that defendants received notice of the lawsuit "within the period provided by Rule 4(m) for service of the summons and complaint."[3] Unfortunately, the use of this language in Rule 15(c) has engendered a great deal of confusion.

Some courts have interpreted the rule quite literally as allowing for a notice period of 120 days after the plaintiff files his original complaint; a period which can, depending on the date the complaint was filed, be either longer or shorter than the time remaining on the statute of limitations. *See, e.g., Cruz*, 898 F.Supp. at 1110 (finding that notice period had expired more than 3 months before the statute of limitations had run); *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1181–82 (3d Cir.1994) (applying 120-day rule to extend notice period beyond the expiration of the statute of limitations); *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1076 (2d Cir.1993) (stating that "an amended complaint relates back to the time of the original if the new party was aware of the action within 120 days

---

**3.** Under Fed.R.Civ.P. 4(m), a party has 120 days in which to serve the summons and complaint after it is filed.

of the filing of the original complaint"). Others have interpreted the rule as providing for an additional 120–day notice period extending beyond the expiration of the statute of limitations. *See Colbert v. City of Philadelphia*, 931 F.Supp. 389, 392 (E.D.Pa.1996) ("[t]he statute of limitations expired on June 3, 1995. Under Rule 15(c), plaintiffs had four additional months in which to satisfy the requirement of notice."); *Ecke v. Atkins*, 1994 U.S. Dist. LEXIS 392, *35 (D.Del. Jan. 12, 1994) (holding that proposed defendants must have received notice of the lawsuit within 120 days after the end of the statute of limitations period). Still another court has interpreted Rule 15(c)(3) as allowing amendments to relate back if the new party receives notice "within the limitations period, or within 120 days of the timely filing of the complaint, whichever is later." *Jermosen v. Coughlin*, 1992 WL 131786 (S.D.N.Y. June 3, 1992).

It is not necessary to determine which of these three interpretations of Rule 15(c)(3) is the correct one, however, because defendants did not receive timely notice under any formulation of the rule. Plaintiffs filed their original complaint in the New Jersey state court on April 16, 1998. Under the first view of Rule 15(c)(3), plaintiffs then had 120 days in which to satisfy the notice requirement, until August 14, 1998. Under the second, defendants must have received notice within 120 days after the end of the statute of limitations, in other words June 17, 1999. Under the third interpretation, notice must have been received by the end of the limitations period on February 17, 1999.

Because it is undisputed that defendants did not become aware of the action until June 22, 1999, the notice requirement of Rule 15(c)(3) cannot be met, and thus the amended complaint naming defendants as parties cannot relate back to the date of plaintiffs' original, timely complaint.

Plaintiffs do not refute that defendants did not receive adequate notice. Instead, they ask the Court to excuse this deficiency, arguing that they were precluded from issuing timely notice to Portwide and A.G. because defendant Columbia Coastal withheld the identity of these defendants until after the statute of limitations had run. *See* plaintiffs' brief at 6. Plaintiffs find some support for this position in a case from another circuit, *Byrd v. Abate*, 964 F.Supp. 140 (S.D.N.Y.1997).

In *Byrd*, the plaintiff brought suit against the City of New York and several individual defendants, including a corrections officer Hults, originally named as a "John Doe" defendant. *See Byrd*, 964 F.Supp. at 141, 143. Plaintiff made efforts to learn Hults's identity from the defendants' counsel, the New York City Corporation Counsel. *Id.* at 143. Defendants refused to disclose the officer's identity or to produce records from which his identity could be ascertained on several occasions, eventually providing the requested information three months after the expiration of the statute of limitations period. *Id.*

Plaintiff amended his complaint, naming Hults as a defendant in place of the "John Doe" officer. *See id.* Defendant Hults served an answer, which he later moved to amend to add a statute of limitations defense. *See id.* The court denied Hults's motion, ruling that the defense lacked merit because the plaintiff's amended complaint related back to the date of the original complaint. *See Byrd*, 964 F.Supp. at 144.

In doing so, the *Byrd* court distinguished an earlier opinion of the Court of Appeals for the Second Circuit, *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir.1995), in which relation back was denied because the plaintiff had failed to show that the defendants had any notice of the claims against them within the 120–day period following the filing of plaintiff's original complaint. *See id.* at 145. The *Byrd* court distinguished *Barrow* in part because it found that the *Barrow* plaintiff

"failed to make any efforts to discover [the defendants'] names until well after the statute of limitations had run." *Id.* "In Byrd's case," the court noted:

> it was the defense, rather than the plaintiff who failed to identify the individual defendant despite Byrd's requests for that information ... Byrd's counsel could obtain Hults' identity only from Corporation Counsel ... To hold that Rule 15(c) does not permit relation back in such circumstances would permit defense counsel to eliminate claims against any John Doe defendant by merely resisting discovery requests until the statute of limitations has ended.

*Byrd,* 964 F.Supp. at 146.

*Byrd* is distinguishable from the instant case. While it is unfortunate that CCT's delay in responding to discovery requests may have made it more difficult for plaintiffs to determine the identity of defendants, several of the factors key to the *Byrd* decision are absent here. First, plaintiffs have failed to show that they made diligent efforts to identify other possible defendants, or that the identity of these defendants was information which could only be obtained from defendant CCT. Second, the plaintiff in *Byrd* sought to discover the identity of a known defendant; whereas in this case plaintiffs apparently did not even conceive of these defendants until they learned of their existence through documents obtained in discovery. Third, the *Byrd* court appears to have been influenced by the fact that the defendants shared common counsel, and that counsel had repeatedly refused to respond to reasonable discovery requests, possibly in bad faith. Here, defendants and CCT are represented by separate counsel, and there has been no showing of deliberate concealment or repeated refusals to comply with discovery. Finally, the *Byrd* holding rested at least in part on the court's decision to impute constructive knowledge of the lawsuit to defendant Hults through the defendants' common counsel. As already discussed, defendants here do not share representation and it is undisputed that defendants received no notice of this action, of any kind, within the statutory period.

### CONCLUSION

For the reasons set forth heretofore, defendants' motion for summary judgment will be granted. An appropriate order shall issue.