**Daisy LOVE, Plaintiff,**

v.

**RANCOCAS HOSPITAL, Steven Oxler, M.D., Sunset Road Medical Assoc., P.A., Joseph B. Levin, D.O., Gary D. Greenberg, P.A.-C., John Doe, Mary Doe, ABC Partnerships, and XYZ Corporations, Defendants.**

**Civil Action No. 01–5456.**

United States District Court, D. New Jersey.

July 16, 2003.

Richard S. Seidel, Esq., Agins, Haaz & Seidel, LLP, Philadelphia, P.A., for Plaintiff, Daisy Love.

Jennifer L. Parsons, Esq., Stahl & DeLaurentis, P.C., Mount Laurel, N.J., for Defendant, Rancocas Hospital.

Jay J. Blumberg, Esq., Blumberg & Lindner, LLC, Woodbury, N.J., for Defendant, Steven Oxler, M.D.

Timothy P. O'Brien, Esq., Frank Calo, III, Esq., Parker, McCay & Criscuolo, Marlton, N.J., for Defendants, Sunset Road Medical Associates, P.A. and Joseph B. Levin, M.D.

Benjamin H. Haftel, Esq., Law Office of Francis E. Schachtele, East Windsor, N.J., for Gary D. Greenberg, P.A.-C.

## OPINION

IRENAS, District Judge.

Several days before the statute of limitations expired, Plaintiff, Daisy Love,

amended her claim of medical malpractice to include the physician, Andrew J. Blank, M.D., whom she mistakenly believed treated her just days before she suffered a debilitating stroke. By the time the mistake was discovered and Plaintiff amended her complaint to include the proper defendant, Joseph B. Levin, M.D., the statute of limitations had passed by more than four months. On that basis, Dr. Levin has now moved for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff, however, contends that her claims against Levin are safeguarded under the "relation-back" doctrine.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based upon complete diversity of citizenship between the parties and the requisite amount in controversy. Oral arguments on this matter were held on July 14, 2003. For the reasons that follow, this Court shall grant Dr. Levin's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is somewhat obscured by several tragic circumstances. First, Plaintiff's counsel, Stuart Agins, Esq., who had handled this case from its inception, passed away on July 1, 2003. As a result, Mr. Agins' partner, Richard S. Seidel, Esq., has had to step in without Mr. Agin's intimate knowledge of the details of the case. Second, Plaintiff's debilitating condition has left her in a state where, according to Mr. Seidel, she has been and still is unable to communicate the circumstances under which her claims arose. The factual record, therefore, has been built from the recollection of Plaintiff's family members.

After experiencing a fainting spell on March 9, 2000, Plaintiff went to see her family practitioner, Andrew J. Blank, M.D. at Sunset Road Medical Associates, P.A.

Because Dr. Blank was unavailable at the time, Plaintiff was instead seen by Joseph B. Levin, M.D. and Gary D. Greenberg, P.A.-C. Plaintiff was diagnosed with high blood pressure and sent home.

On March 10, 2000, Plaintiff called an ambulance after she experienced episodes of syncope and falling. Plaintiff was taken to Defendant Rancocas Hospital's Emergency Department and was seen by Defendant Steven Oxler, M.D. Plaintiff was once again diagnosed with high blood pressure and discharged from the hospital.

On March 12, 2000, Plaintiff again was taken to the Rancocas Hospital Emergency Department after experiencing similar symptoms, as well as experiencing weakness on her right side, slurred speech, and "facial drop." After hospital staff determined that she had suffered a stroke, she was admitted as an inpatient until March 16, 2000. On March 16, 2000, she was transferred to Our Lady Lourdes for rehabilitation.

Plaintiff alleges that as a result of the stoke and its symptoms, she has had to undergo extensive rehabilitation therapy. Moreover, she asserts that she is permanently disabled throughout the right side of her body and has difficulty with speech.

On November 28, 2001, Plaintiff brought this medical malpractice action against Defendants, Rancocas Hospital and Steven Oxler, M.D., as well as several fictitious defendants, John Doe, Mary Doe, ABC Partnerships, and XYZ Corporations, who Plaintiff described as "employees, servants, and agents" of Rancocas Hospital. Thereafter, on March 7, 2002, Plaintiff amended the complaint naming as additional parties Sunset Road Medical Association, P.A., Andrew J. Blank, M.D., and Gary D. Greenberg, P.A.-C. Plaintiff's counsel, Mr. Agins, filed the claims against Dr. Blank because Plaintiff's family mistakenly believed that Plaintiff had seen Dr.

Blank, her regular physician. Once Plaintiff's counsel discovered the mistake, on July 16, 2002, Plaintiff filed a second amended complaint in which she added as a defendant Dr. Levin, and she dismissed as a defendant Dr. Blank.[1]

Dr. Levin has now moved for summary judgment pursuant to Fed.R.Civ.P. 56, contending that because he was not named as a defendant until nearly eight months after Plaintiff filed her original complaint and approximately four months after the two-year statute of limitations expired under N.J.S.A. 2A:14–2, he is entitled to judgment as a matter of law.

## II. LEGAL STANDARD GOVERNING SUMMARY JUDGMENT

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Abramsom v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir.2001). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See, e.g., Abramsom*, 260 F.3d at 276 (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir.2000)).

A movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided admissible evidence or affidavits to show that a question of material fact remains. *See, e.g., Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 138 (3d Cir.2001) (citing

*Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 343 (3d Cir.2000)). To defeat summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . ; the requirement is that there be no *genuine* issue of *material* fact.").

The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)). *See also Lujan v. Nat'l. Wildlife Fed.*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."). If the non-moving party has the burden of proof at trial, summary judgment will be granted if "the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548). *See also Omnipoint Communications Enters., L.P. v. Newtown Township*, 219 F.3d 240, 242 (3d Cir.2000). Even where the non-moving party has failed to establish a tri-

---

1. Although the summary judgment record indicates at some point in time, Plaintiff came into the possession of a receipt from Plaintiff's visit to Sunset Road on March 9, 2000— a receipt which bears the illegible signature of

Dr. Levin, as well as the names of the five physicians affiliated with Sunset Road—the Court is unable to discern the point in time at which Plaintiff received that document due to the passing of Mr. Agins.

able issue of fact, summary judgment will not be granted unless "appropriate." Fed. R.Civ.P. 56(e); *see Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir.1990).

## III. DISCUSSION

In his motion for summary judgment, Dr. Levin contends that he was not named as a party until Plaintiff filed a second amended complaint on July 16, 2002, over four months after the expiration of the two-year statute of limitations governing medical malpractice actions. *See* N.J.S.A. 2A:14–2. Plaintiff, on the other hand, contends that her claims are safeguarded under the "relation-back" doctrine. More specifically, Plaintiff maintains that because she mistakenly filed an amended complaint against the wrong physician, Dr. Blank instead of Dr. Levin, before the expiration of the statute of limitations expired, she is entitled to protection under the "relation-back" provision set forth in Rule 4:9–3 of the New Jersey Rules Governing Civil Practice. Additionally, Plaintiff claims that because she included fictitious party designations in her second amended complaint, she can avail herself of the "discovery rule" set forth under Rule 4:26–4 of the New Jersey Rules Governing Civil Practice.

The circumstances suggest the former, however, that Plaintiff merely made a mistake in filing an amended complaint against the wrong party. It does not appear, for reasons that follow, that Plaintiff's counsel, Mr. Agins, intended to subsume Dr. Levin within the fictitious party designations. Accordingly, the Court shall first determine whether Plaintiff can avail herself of the "relation-back" doctrine under Rule 4:9–3.

### A. "Relation–Back" Doctrine

■ The "relation-back" doctrine was enacted to "ameliorate the harsh result of strict application of statutes of limitations by 'preventing part[ies] against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.'" *Yanez v. Columbia Coastal Transport, Inc.*, 68 F.Supp.2d 489, 492 (D.N.J.1999) (Debevoise, J.) (quoting *Colbert v. City of Phila.*, 931 F.Supp. 389 (E.D.Pa.1996)). Rule 4:9–3, modeled after Fed.R.Civ.P. 15, provides in pertinent part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading . . . ." R. 4:9–3. In addition, "[a]n amendment changing the party against whom a claim is asserted relates back" to the date of the original complaint, provided the party to be added to the pleading "(1) has received such notice of the . . . action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." *Id.*

The New Jersey Supreme Court has observed that:

> [The relation back rule] should be liberally construed. Its thrust is directed not toward technical pleading niceties, but rather to the underlying conduct, transaction or occurrence giving rise to some right of action or defense. When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied.

*Harr v. Allstate Ins. Co.*, 54 N.J. 287, 299, 255 A.2d 208 (1969). A plaintiff, however,

who has mistakenly identified a defendant must also show that the new defendant had notice of the action prior to the running of the statute of limitations, and knew or should have known that, but for the plaintiff's mistake, the action would have been brought against him or her. R. 4:9–3; *Otchy v. City of Elizabeth Board of Education,* 325 N.J.Super. 98, 105, 737 A.2d 1151, 1155 (App.Div.1999).

The facts in this case are substantially analogous to those presented to the Appellate Division of the Superior Court of New Jersey in *Otchy v. City of Elizabeth Board of Education, supra.* In *Otchy,* the plaintiff, after slipping and falling on a sidewalk adjacent to a high school, mistakenly brought a personal injury suit against the City of Elizabeth, New Jersey, instead of the real party in interest, the Elizabeth Board of Education. Upon recognizing her error, plaintiff filed an amended complaint to include the Elizabeth Board of Education after the passing of the statute of limitations. Plaintiff argued that the Board of Education had constructive notice of the institution of the action against the City of Elizabeth because of the "financial and political interdependence of the two entities." *Id.* at 107, 737 A.2d 1151.

The court, however, rejected this argument. Rather, it held that the City and the Board of Education were "two distinct legal entities." *Id.* at 109, 737 A.2d 1151. And because the plaintiff had not only failed to establish proof of notice to the Board of Education, but also "failed to demonstrate a sufficient identity of interest in [the] litigation between the two entities to infer knowledge of the action by the Board [of Education], ... [a] lack of prejudice cannot be assumed." *Id.* at 107–09, 737 A.2d 1151. *See also Slater v. Skyhawk Transp., Inc.,* 187 F.R.D. 185 (D.N.J.1999) (Orlofsky, J.) (holding that a party who simply failed to include a party in his complaint could not avail himself of the "relation-back" doctrine when the defendant did not receive actual or constructive notice of the claim before the expiration of the statute of limitations).

Likewise, in this case, Plaintiff argues that because Dr. Levin was an employee of Sunset Road Medical Associates, P.A., he knew or should have known of the Plaintiff's claims brought against Sunset Road, Dr. Blank, and Gary Greenberg, P.A.-C, on March 7, 2002. The summary judgment record indicates, however, Dr. Levin left the employ of Sunset Road long before that date, even as early as November 27, 2001, the date Plaintiff filed the original complaint against Rancocas Hospital and Steven Oxler, M.D. *See* Levin Cert. ¶ 2. Accordingly, he maintains that he did not receive notice of the lawsuit before July 16, 2002, the date that Plaintiff filed a second amended complaint adding him as a defendant. *Id.*

The Court agrees with Dr. Levin that he did not know, nor should he have known, that, but for Plaintiff's mistake, the action would have been brought against him. Plaintiff, therefore, cannot avail herself of the "relation-back" rule. This decision turns on the fact that Plaintiff filed an amended complaint against Sunset Road, Dr. Blank, and Greenberg just days before the expiration of the two-year statute of limitations. Had Plaintiff amended the complaint to add these Defendants months before the statute of limitations ran, the Court's conclusion may be different. It is possible and indeed probable that, given a reasonable amount of time, Sunset Road would have discovered that Dr. Levin and not Dr. Blank was Plaintiff's treating physician and notified Dr. Levin that he may be the subject of a lawsuit. However, because Defendants did not have a reasonable amount of time to discover Plaintiff's mistake before the limitation period ran, the Court cannot assume that Dr. Levin

did have or should have had the opportunity to learn of the case.[2]

Plaintiff also claims that because she used fictitious party designations in her amended complaint, and that those fictitious party designations include Dr. Levin when the amended complaint is read as a whole, her claims against Dr. Levin are protected under New Jersey's "discovery rule."

## B. The "Discovery Rule"

■ First, the Court doubts the applicability of Rule 4:26–4 of the New Jersey Rules Governing Civil Practice, referred to as the "discovery rule," to the issue at bar. As the Court noted during oral arguments, it appears that Plaintiff's counsel, Mr. Agins, intended to include only employees of Rancocas Hospital within the fictitious party designations because it was reasonable to expect that when Plaintiff sought treatment at Rancocas Hospital's Emergency Room, she was seen by numerous, unidentified health care professionals. On the other hand, it appears that Mr. Agins did not intend to subsume Dr. Levin within the fictitious party designations because he reasonably assumed that when Plaintiff sought treatment at Sunset Road, she was seen by her regular physician, Dr. Blank. Nevertheless, the Court will consider Plaintiff's argument that the "discovery rule" safeguards her claims against Dr. Levin.

■ Rule 4:26–4 provides, in relevant part: "In any action, irrespective of the amount in controversy ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." The discovery rule allows the plaintiff to amend his complaint after the limitations period has run, even if the defendant did not have notice of the action within the statutory time limit. *See Viviano v. CBS, Inc.*, 101 N.J. 538, 548, 503 A.2d 296 (1986).

The New Jersey Supreme Court has "construed Rule 4:26–4 to permit a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant." *Mancuso v. Neckles ex rel. Neckles*, 163 N.J. 26, 35 n. 1, 747 A.2d 255, 261 n. 1 (2000). In so construing the rule, the

2. Plaintiff also cannot avail herself of the relation-back doctrine set forth under the Federal Rules of Civil Procedure, specifically, Rule 15.

The Rule provides, in relevant part:
An amendment of pleading relates back to the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted ... within the period provided by Rule 4(m) for service of summons and complaint, the party to be brought in by the amendment (A) has received such notice of the adjudication of action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Fed.R.Civ.P. 15(c). Under Fed.R.Civ.P. 4(m), a party has 120 days in which to serve a summons and complaint after the complaint is filed.

The United States Court of Appeals for the Third Circuit has held that a plaintiff must show that the defendant has received notice of the lawsuit within 120 days from the date that he or she filed the original complaint. *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1181–82 (3d Cir.1994); *see also Cruz v. City of Camden*, 898 F.Supp. 1100, 1106 (D.N.J.1995). Other courts have held more generously that the plaintiff must demonstrate that the defendant received notice of the lawsuit within 120 days of the expiration date of the statute of limitations. *See, e.g., Colbert v. City of Philadelphia*, 931 F.Supp. 389, 392 (E.D.Pa.1996).

The distinction is irrelevant in this case, however, because, under either holding, Dr. Levin did not receive timely notice.

court recognized that "an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint, thereby permitting the plaintiff to maintain an action that, but for the fictitious-party practice, would be time-barred." *Id.; see also Johnston v. Muhlenberg Regional Med. Ctr.,* 326 N.J.Super. 203, 206, 740 A.2d 1122, 1124 (App.Div.1999) ("The Rule applies to assure survival of meritorious causes of action when the party knows or has reason to know her injury has been negligently inflicted but cannot at the time of the injury and within a reasonable time ascertain the wrongdoer."); *Gallagher v. Burdette–Tomlin Med. Hosp.,* 318 N.J.Super. 485, 491, 723 A.2d 1256 (App.Div.1999).

In this case, there are two salient issues that the Court must resolve in order to determine whether the requirements of discovery rule have been satisfied. First, the Court must resolve whether Plaintiff provided an appropriate description sufficient for identification of Dr. Levin in either the original complaint or the first amended complaint (which was filed on March 7, 2002 before the statute of limitations expired). If this can be answered in the affirmative, the Court must determine whether Plaintiff exercised due diligence in identifying the true defendant.

When naming a fictitious defendant, a plaintiff must provide "an appropriate description sufficient for identification" as the discovery rule directs. Otherwise, the principle that a complaint must generally state the facts showing that the pleader is entitled to relief would be frustrated. *See* R.4:5–2; *Rutkowski v. Liberty Mut. Ins. Co.,* 209 N.J.Super. 140, 147, 506 A.2d 1302 (App.Div.1986).

> [A] general description of the fictitious defendant ... would emasculate even [New Jersey's] liberal pleading rules. *See* R. 4:5–2. A plaintiff could file a complaint on the last day before the statute of limitations would run alleging merely that he was injured in a particular situation and that "John Doe(s) were negligent and responsible for plaintiff's loss." He later could amend to include both the defendants' names and the bases of responsibility.

*Rutkowski,* 209 N.J.Super. at 147, 506 A.2d 1302 (holding that plaintiff's description of "John Doe" defendants as being "the designers of, manufacturer of, seller of, distributor of, repairer of, modifier and/or renovator of, or ... otherwise responsible for" plaintiff's injuries did not include the workers' compensation insurers of plaintiff's employer).[3]

In her original complaint, Plaintiff specifically described fictitiously named defen-

---

**3.** During oral arguments, Plaintiff maintained that the circumstances in this case were similar to those presented in *Bryan v. Associated Container Transp.,* 837 F.Supp. 633 (D.N.J. 1993) (Simandle, J.). In *Bryan,* the court considered the application of Rule 4:26–4 to a plaintiffs' use of "John Doe" designations. Specifically, the plaintiffs described "John Does" as parties who "negligently, carelessly and/or improperly stacked ... trailer boxes of frozen meat." *Id.* at 645. The court found that "[i]t may well be the case, as plaintiffs allege, that Weddel stacked the beef cartons in the ocean shipping container, causing Weddel to fit the description of a John Doe defendant." *Id.* Accordingly, the court held that "plaintiffs properly used the fictitious name procedure to avoid the application of New Jersey's statute of limitations...." *Id.*

Here, unlike the plaintiffs in *Bryan,* Plaintiff has not provided a description of John Doe defendants that would subsume Dr. Levin. *See also Viviano v. CBS, Inc.,* 101 N.J. 538, 503 A.2d 296 (1986) (holding that R. 4:26–4 may be relaxed when there is an imprecise but similar allegation against the excluded defendant as to the capacity in which it was later found alleged to be responsible. More specifically, in this case, the court relaxed the designation requirement because a manufacturer of a component was sufficiently similar to the manufacturer of the machine itself.).

dants as "employees, servants, and agents" of Rancocas Hospital. Pl.'s Compl. ¶ 10 (filed Nov. 27, 2001). Moreover, although she included Sunset Road, Andrew Blank, D.O. and Gary Greenberg, P.A.-C as defendants in the first amended complaint, she still described "John Does" as "employees, servants, and agents" of Rancocas Hospital, and not of Sunset Road Medical Associates, P.A. Pl.'s Amended Compl. ¶¶ 13, 16 (filed Mar. 7, 2002). Here, Plaintiff did not provide a broad description of fictitious defendants, but rather a specific one which did not include Levin. Indeed, in *Lawrence v. Bauer Publishing & Printing, Ltd.*, 78 N.J. 371, 396 A.2d 569 (1979), the New Jersey Supreme Court held that plaintiffs could not amend their complaint to include a party after the statute of limitations had expired when that party was not subsumed within the fictitious party designation. *See also Viviano*, 101 N.J. at 555, 503 A.2d 296.

Accordingly, because Plaintiff has not provided an "appropriate description sufficient for identification" of Levin, she cannot now avail herself of the discovery rule. Because her claims against Dr. Levin are therefore barred under N.J.S.A. 2A:14–2, the Court shall grant Dr. Levin's motion for summary judgment pursuant to Fed. R.Civ.P. 56. The Court expresses no opinion as to the merits of Plaintiff's claims against the remaining defendants.

## IV. CONCLUSION

For the reasons set forth above, the Court shall grant the motion of the Defendant, Joseph Levin, M.D., for summary judgment pursuant to Fed.R.Civ.P. 56. The Court shall enter the appropriate form of Order.